# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM KASPAR (#R-46530), ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> STEPHANIE DORETHY, ) <br> ) <br> Respondent. ) | Case No. 13 C 4725 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

An Illinois state court jury convicted William Kaspar of solicitation of murder for hire, and a judge sentenced him to a 25 year prison term. The judgment was affirmed on direct appeal, Kaspar's post-conviction petition was denied and that ruling was affirmed on appeal, and his motion to file a second post-conviction petition was also denied, with the decision affirmed on appeal.

Kaspar has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254 in which he asserts two claims. Respondent Stephanie Dorethy, the warden of the prison where Kaspar is incarcerated, has moved to dismiss the first claim on the ground that it is a non-cognizable state law claim and has moved to dismiss the second claim on the ground that it is time-barred.

**1. First claim**

Kaspar's first claim is that his due process rights were violated because the Illinois Appellate Court made fundamentally inconsistent procedural rulings in his direct

and post-conviction appeals.  Kaspar challenged on direct appeal the trial court's denial of his motion to suppress evidence on the ground that the application for the warrant authorizing the placement of an eavesdropping device on another jail detainee did not establish probable cause and/or contained material falsehoods and omissions.  The other detainee was the individual whom Kaspar had allegedly solicited to murder a third person.  Kaspar argued that among other things, the warrant application did not disclose that the other detainee had initially told law enforcement that, in initially talking to Kaspar, he (the other detainee) had made up a story that he had a brother-in-law who could assist Kaspar.  On direct appeal, the appellate court addressed the omission by concluding that it was immaterial.  *See* Resp.'s Mot. to Dismiss, Ex. A (direct appeal decision) at 11.  The appellate court also made an alternative ruling on this point:

> Moreover, in support of his argument, defendant relies upon a report made by the DuPage County Sheriff's Office, which indicates that during an interview, Wassmund [the other detainee] told detectives that he fabricated the existence of a brother-in-law.  This report is attached to defendant's reply brief but is not contained in the record on appeal.  As such, we are not permitted to consider it. People v. Brown, 249 Ill. App. 3d 986, 994 (1993) ("It is an elementary principle that an appellate court cannot consider matters outside the record.")

*Id.*

Kaspar then filed a post-conviction petition in which he again challenged the trial court's ruling on his motion to suppress and again challenged, in particular, the warrant application's omission of the fact that the other inmate had lied to the police about having a brother-in-law.  The appellate court rejected this argument, saying the following:

> We . . . conclude . . . that defendant forfeited his contention regarding the initial application's omission of the fact that Wassmund's brother-in-law was fictitious.  A postconviction petition is not an appeal from the judgment

2

of conviction; rather, it is a collateral attack on the trial court proceedings. *People v. Petrenko*, 237 Ill. 2d 490, 499 (2010). Therefore, issues that could have been raised on appeal, but were not, are forfeited. *Petrenko*, 237 Ill. 2d at 499. However, if a postconviction claim depends upon matters outside the record, the forfeiture rule does not apply because matters outside the record may not be raised on direct appeal. [*People v.*] *Youngblood*, 389 Ill. App. 3d at 214.

In his opening brief, defendant asserts that the initial and supplemental applications were not part of the record on appeal but concedes in his reply brief that he "[g]enerally[] *** agrees with the State's observations about the record on direct appeal. As the State observes, both applications were included in the record on appeal. However, defendant urges that Detective Garlisch's report, which revealed the fictitious nature of Wassmund's brother-in-law, was not part of the record on direct appeal . . . .

. . .

With respect to defendant's argument about the initial application's omission of the fictitious nature of Wassmund's brother-in-law, although the State does not point this out, our review of the trial testimony reveals that it contained testimony about Davis's role in playing the fictitious brother-in-law. Wassmund testified that he had told defendant about his real brother-in-law "from the south side of Chicago, he is a gang banger, he is a black guy." After Wassmund spoke to detectives, they decided to use a fictitious brother-in-law in their undercover investigation. [Detective] Garlisch explained:

> "We decided to have Michael Wassmund place a phone call to a fictitious brother-in-law who was going to be the hit man in the case. In order to do that, we obtained a supplemental eavesdrop order allowing him to record the conversation between [defendant] and our undercover detective who was going to pose as that person."

Detective Davis testified that Garlisch asked him to assist in the investigation by playing the role of the hit man. Garlisch testified that Davis was chosen for the role because Davis's physical appearance was consistent with Wassmund's physical description of his brother-in-law.

Because the record on direct appeal included the applications as well as trial testimony indicating . . . the fictitious nature of the brother-in-law . . ., Garlisch's report was not necessary to defendant's claim of ineffective assistance of counsel. Thus, on direct appeal, defendant could have raised the ineffective assistance of counsel claim that he later asserted in

3

> his postconviction petition. Defendant's failure to do so results in
> forfeiture. See *Petrenko*, 237 Ill. 2d at 499 (stating that issues that could
> have been raised on direct appeal but were not are forfeited). . . . .

Resp.'s Ex. B (order on post-conviction appeal) at 8.

Kaspar contends in the first claim in his habeas corpus petition that the appellate court made inconsistent rulings. Specifically, he says, the court declined to consider his argument on direct appeal by stating that he had relied on evidence outside the record, and then it declined to consider his argument on post-conviction appeal by stating that the argument should have been made on direct appeal. Dorethy argues that Kaspar's claim is a state-law claim that is not cognizable on a federal habeas corpus review.

The Court is unwilling to rule out the possibility that a state court's inconsistent petitions in a defendant's case might deprive him of due process. But here there was no inconsistency. On direct appeal, the appellate court first rejected Kaspar's argument on its merits, concluding that the omission of mention of Wassmund's falsehood was immaterial. The court then made an alternative ruling that the particular evidence Kaspar had cited to support his argument—a police report—was not in the record on appeal but rather had simply been attached to Kaspar's *pro se* reply brief and thus could not be considered.

The appellate court's ruling on the post-conviction appeal was in no way inconsistent with the earlier ruling. The court quite clearly stated, near the end of the passage quoted earlier, that *aside from* the police report upon which Kaspar had inappropriately relied on direct appeal, there was other evidence, already in the record on appeal, that he could have used to support his argument—specifically, Garlisch's testimony about the use of a fictitious brother-in-law. For that reason, the appellate

4

court concluded, the police report on which Kaspar had relied on direct appeal "was not necessary to defendant's claim of ineffective assistance of counsel." Resp.'s Ex. B at 8. To summarize: in the first appeal, the appellate court said in an alternative holding that Kaspar could not rely on the police report to support his argument, and in the second appeal it said that he did not need to rely on the police report to support the argument because there was other evidence properly in the record.

In sum, although the Court is unwilling to conclude that a state court's inconsistent rulings can never give rise to a cognizable federal constitutional claim, here Kaspar has identified no inconsistent rulings. Thus his due process rights were not violated in the way he claims.

**2.      Second claim**

Kaspar's second claim is a claim of ineffective assistance of trial counsel. Specifically, he argues that trial counsel should have moved to suppress the warrant application due to various omissions from the application (including the "fictitious brother-in-law" point). *See* Pet. at 10. Dorethy argues that this claim is time-barred. Under 28 U.S.C. § 2244(d)(1), a one-year limitations period applies to habeas corpus petitions filed under section 2254. This period runs from the latest of several dates, only two of which conceivably apply here:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> [or]
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is not counted against the one-year limitations period.

Kaspar's conviction became final on April 27, 2010, when the time expired for him to petition for certiorari following the Illinois Supreme Court's denial of his petition for leave to appeal.  Dorethy argues that Kaspar became aware of the factual basis for his ineffective assistance claim before that, at least as early as the date of the appellate court's decision on the direct appeal, specifically, August 9, 2009—or perhaps a few days after that, when he received the decision.  So the one-year clock started running on April 27, 2010.  It paused 114 days later, when, on August 20, 2010, Kaspar mailed his *pro se* post-conviction petition for filing.  The clocked resume running on September 26, 2012, when the Illinois Supreme Court denied Kaspar's petition for leave to appeal on his post-conviction appeal.  At that point, 251 days were left on the limitations period.  But Kaspar took 267 days:  he signed the petition on June 20, 2013 and thus could not possibly have mailed it before that.  Thus the petition was filed at least sixteen days late.

Kaspar does not dispute Dorethy's statute of limitations argument, nor does he identify any basis for tolling or extending the statute of limitations.  Rather, he says that he "generally agrees with respondent's timeline calculations," arguing only that if his first claim remains alive, the Court should retain his second claim as well because they are intertwined.  Pet'r's Resp. to Resp.'s Mot. to Dismiss at 3.  The Court concludes that the second claim is time-barred.

## Conclusion

For the reasons stated above, the Court grants respondent's motion to dismiss [dkt. no. 23] and directs the Clerk to enter judgment dismissing the petition for habeas corpus. The Court declines to issue a certificate of appealability (COA), which requires the petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a determination that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a district court denies a claim on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court concludes that reasonable jurists would not debate whether Kaspar's first claim has merit and whether his second claim is time-barred.

Date: August 26, 2016 _____
MATTHEW F. KENNELLY
United States District Judge